Filed 4/20/26  P. v. Arthur CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085283 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CR71042) |
| LARRY ARTHUR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.[*]  Affirmed.

Tracy R. LeSage, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

The facts are set forth in our unpublished opinion on direct appeal in *People v. Arthur* (April 25, 1986, D002871, [nonpub. opn.]).  In summary, in 1984, Arthur robbed a victim of her jewelry at gunpoint, forced her to go to her apartment, then tied and gagged her, and robbed her of additional items

---

[*]     Retired Judge of the San Diego Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

in her home. In 1985, the jury convicted Arthur of kidnapping for robbery as well as seven counts of robbery within an inhabited dwelling, and each count included a firearm allegation under Penal Code section 12022.5.[1] In addition, the court sustained an allegation of a serious prior felony conviction. The court sentenced Arthur to life imprisonment plus two years for the kidnapping and gun use, as well as 16 years 4 months consecutively on the additional robbery counts. On direct appeal, we affirmed his conviction.

In 2024, the court found Arthur eligible for resentencing pursuant to section 1172.75 and recalled his determinate sentence. The court struck a now-invalid prison prior and the enhancement for the serious felony, resulting in a determinate term of 11 years 4 months. However, the court declined to recall the indeterminate sentence for the kidnapping count. Arthur appeals.[2]

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We offered Arthur the opportunity to file his own brief on appeal, but he has not responded.

---

[1]     All statutory references are to the Penal Code unless otherwise specified.

[2]     Although he originally failed to file a timely appeal to the resentencing, we granted habeas relief to Arthur and allowed him to file this appeal because he established that his attorney's failure to timely file was due to mistake and inadvertence.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error.  To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel has identified one possible issue that was considered in evaluating the potential merits of this appeal, namely whether the sentencing court committed reversible error by finding that there was no legal or factual basis to reduce the life count imposed for count one.

We have independently reviewed the record for error as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented Arthur on this appeal.

## DISPOSITION

The judgment is affirmed.

KELETY, J.

WE CONCUR:


O'ROURKE, Acting P. J.


DATO, J.

3